UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID MATLEAN, <br><br>          Plaintiff, <br><br> v. <br><br> STATE OF NEVADA; DOUGLAS COUNTY; MARK B. JACKSON; RONALD P. PIERINI; JIM A ENEARL; and DOES I through XXX, <br><br>          Defendants. | 3:09-CV-00063-LRH-VPC <br><br> ORDER |

Before the court is Plaintiff David Matlean's Motion for Entry of Default (#19[1]). Defendants Ronald Pierini, Mark B. Jackson, Jim A. EnEarl, and Douglas County have filed an opposition (#19) to which Plaintiff replied (#21).

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. First, under Rule 55(a), the moving party must obtain an entry of default from the clerk. Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Plaintiff has filed two previous motions asking the clerk to enter default in his favor. (*See*

---

[1] Refers to the court's docket entry number.

Motion for Entry of Clerks Default (##9,10).) Pursuant to this court's April 17, 2009, order (#12), Plaintiff has also submitted two default forms (##16, 17). The clerk has not signed these forms.

Plaintiff argues default is appropriate because Defendants have failed to "plead or otherwise defend" by filing their answer past the deadline imposed by the Federal Rules of Civil Procedure. (*See* Pl.'s Mot. Default (#19), Pl. Aff. at ¶10.) Generally, to avoid default, a defendant must serve an answer within twenty days after being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a); Fed. R. Civ. P. 55(a).

On February 5, 2009, Plaintiff filed the complaint, and on March 20, 2009, Defendants Douglas County and Jackson were served with the summons and complaint. On March 23, 2009, and March 25, 2009, Defendants Pierini and EnEarl were served with the summons and complaint, respectively. Because service appears proper, Defendants Douglas County and Jackson had until April 9, 2009, to respond without risking default judgment. *See* Fed. R. Civ. P. 12(a). Likewise, Defendant Pierini had until April 12, 2009, to respond, and Defendant EnEarl had until April 14, 2009, to respond. However, Defendants did not file their answer until April 20, 2009.

Because Defendants' answer was untimely, the clerk could have entered, but did not actually enter, default against Defendants. See Fed. R. Civ. P. 55(a). Regardless, even assuming the clerk had entered default, for good cause the court may set aside an entry of default. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . .") Underlying Rule 55(c) is the strong public policy in favor of resolving a case on the merits. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (noting that default judgments are generally disfavored because, "[w]henever it is reasonably possible, cases should be decided upon their merits.") As a result of this policy, in determining whether to set aside a default, "doubt, if any, should be resolved in favor of the motion to set aside the [default] . . . ." *Id.* (citations omitted).

To determine whether there is good cause to set aside a default, the court considers the

following non-exclusive factors: (1) whether the defendants engaged in culpable conduct that led to the default; (2) whether the defendants had a meritorious defense; or (3) whether reopening the default would prejudice Plaintiff. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (citation omitted). The defendants bear the burden of showing that any of these factors favors setting aside the default. *Id.*

Here, Defendants have not engaged in culpable conduct causing the default. "[A] defendant's conduct is culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Employee Painters' Trust v. Ethan Enterprises*, 480 F.3d 993, 1000 (9th Cir. 2007) (*quoting TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001)). Defendants' counsel appears to have been unsure when Plaintiff served Defendants and questioned whether service was properly effectuated. As a result, Defendants filed their answer less than ten days after the deadline. There is no indication that, in submitting their answer, Defendants acted in bad faith. Accordingly, Defendants' failure to file a timely answer is not culpable conduct supporting good cause to set aside a default.

Further, Defendants have identified colorable defenses, including a variety of immunity defenses, and Plaintiff will not be prejudiced by the court's adjudication of this dispute on the merits. "To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" *TCI Group Life Ins. Plan*, 244 F.3d at 701 (*quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Defendants' brief delay in filing their answer has not hindered Plaintiff's ability to pursue his claim, and Defendants' default has not caused Plaintiff other prejudice sufficient to warrant setting aside a default.

Accordingly, the court finds that neither the purpose of Rule 55(c) nor the interests of justice would be served by granting Plaintiff's motion. As such, Defendants' failure to file a timely

///

answer will be excused.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default (#19) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motions for Entry of Clerk's Default (##9, 11) are DENIED as moot.

IT IS SO ORDERED.

DATED this 29th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4