UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| DAVID MATLEAN,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF NEVADA; DOUGLAS COUNTY; MARK B. JACKSON; RONALD P. PIERINI; JIM A ENEARL; and DOES I through XXX,<br><br>            Defendants. | 3:09-CV-00063-LRH-VPC<br><br>ORDER |

    Before the court is Defendant State of Nevada's Motion to Dismiss (#6[1]). Plaintiff David Matlean has filed an opposition (#8) to which Defendant replied (#18).

    Defendant argues the court should dismiss Plaintiff's claims against it because the state is entitled to immunity under the Eleventh Amendment to the United States Constitution. Defendant bases its motion on either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). However, the Ninth Circuit has stated, "'[D]ismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction,' but instead rests on an affirmative defense." *Elwood v. Drescher*, 456 F.3d 943, 949 (9th Cir. 2006) (*quoting Miles v. California*, 320 F.3d 986, 988-89 (9th Cir. 2003)). Accordingly, the court will analyze the motion to dismiss pursuant to Rule

---

[1] Refers to the court's docket entry number.

1  12(b)(6).

2       To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the
3  Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela*
4  *Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short
5  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
6  8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however,
7  a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a
8  cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell*
9  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

10       Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,
11  accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal
12  quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows
13  the court to draw the reasonable inference, based on the court's judicial experience and common
14  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility
15  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a
16  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a
17  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to
18  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

19       In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as
20  true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a
21  formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."
22  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1951)
23  (alteration in original) (internal quotation marks omitted). The court discounts these allegations
24  because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the
25  form of a factual allegation." *Id.* (*citing Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to

26

1  survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from
2  that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (*quoting*
3  *Iqbal*, 129 S. Ct. at 1949).

4      The Eleventh Amendment bars suits "in law or equity, commenced or prosecuted against
5  one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign
6  State." U.S. Const. amend. XI. Absent waiver by the state or congressional abrogation, "the
7  Eleventh Amendment bars suits in federal court against a state and its agencies brought by its own
8  citizens and citizens of other states." *Cal. Franchise Tax Bd. v. Jackson*, 184 F.3d 1046, 1048-49
9  (9th Cir. 1999) (citations omitted).

10      "Nevada has explicitly refused to waive its immunity to suit under the Eleventh
11  Amendment," *O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (*citing* Nev. Rev. Stat. §
12  41.031(3)). Likewise, by enacting 42 U.S.C. § 1983, Congress did not abrogate the states'
13  immunity, and states are not "persons" amenable to suit under 42 U.S.C. § 1983. *Pittman v.*
14  *Oregon*, 509 F.3d 1065, 1071-72 (9th Cir. 1999) (citations omitted). Accordingly, the Eleventh
15  Amendment bars Plaintiffs claims against Defendant State of Nevada.

16      IT IS THEREFORE ORDERED that Defendant State of Nevada's Motion to Dismiss (#6)
17  is GRANTED.

18      IT IS SO ORDERED.

19      DATED this 29th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3